MARGARET LAUER, PLAINTIFF, v. ALBERT R. McALLISTER, Jr., EXECUTOR OF THE LAST WILL AND TESTAMENT OF HENRY M. HANNAN, DECEASED, AND ALBERT R. McALLISTER, Jr., INDIVIDUALLY, HOWARD J. McALLISTER, CAROLYN McALLISTER AND EMILY MORRIS, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided May 19, 1955.

*Mr. Leroy W. Loder*, attorney for plaintiff.

*Mr. William C. Gotshalk*, attorney for defendant Albert R. McAllister, Jr.

*Mr. David L. Horuvitz*, attorney for defendant Emily Morris.

HANEMAN, J. S. C.   Plaintiff herein seeks the construction of the will of one Henry M. Hannan. She alleges that a gift to Albert R. McAllister under the will of the said Henry M. Hannan lapsed by virtue of his death prior to the death of the testator, he not being one of that class of persons described in *N. J. S.* 3A:3–13. Since the paragraph of the will providing for the gift, which so lapsed, disposed of the residue of the estate of Henry M. Hannan, plaintiff contends that she, together with testator's other heirs, are entitled to take said residue.

Defendants Albert R. McAllister, Jr., Howard J. McAllister and Carolyn McAllister deny that there was such a lapse.

The facts in connection herewith are as follows:   On October 27, 1953 Henry M. Hannan, a resident of Bridgeton, New Jersey, died leaving a last will and testament, which was admitted to probate on November 12, 1953 by the Surrogate of Cumberland County. Letters testamentary were issued by said surrogate to Albert R. McAllister, Jr., since Albert R. McAllister, Sr., the first named executor, died on February 23, 1948. Ellen B. Hannan, wife of the deceased, predeceased him, having died on April 11, 1944.

As far as here pertinent, the will in question provides as follows:

"If my said wife shall predecease me, then and in such case:

(a) I give and bequeath to George and Etta B. Hummel, of Bridgeton, New Jersey, or the survivor of them, for and during the

term of their natural lives, the North half of the double dwelling house owned by me, and known as No. 42 Franklin Street, in the City of Bridgeton.

(b) Subject to the foregoing life estate of George and Etta B. Hummel, I give, devise and bequeath the said North half of the double dwelling house, known as No. 42 Franklin Street, Bridgeton, New Jersey, to my nephew, Albert R. McAllister, and to his heirs and assigns forever.

All the rest, residue and remainder of my estate I give, devise and bequeath to my nephew, Albert R. McAllister, of Bridgeton, New Jersey, and to his heirs and assigns forever."

The will of the testator bears date September 21, 1943 and was prepared by Albert R. McAllister, Esq., a long-standing, respected member of the Bar of this State. On the same day he prepared a mutual will for Ellen B. Hannan, widow of Henry M. Hannan, with the identical provisions as were contained in the will of Henry M. Hannan. Ellen B. Hannan was a sister of Carolyn McAllister, mother of Albert R. McAllister and grandmother of Albert R. McAllister, Jr. The Hannans had no children of their own and there was always a very close and intimate relationship between Albert R. McAllister and his children and the Hannans. They associated together most frequently and, as a matter of fact, Henry M. Hannan consulted Albert R. McAllister as his professional and business adviser. He took a great interest in the public career of the said Albert R. McAllister and often discussed it with him, and advised him concerning it.

Counsel for the defendants have argued that in the light of the surrounding circumstances of the parties, including the preparation of the mutual wills and the language contained in other provisions of the will here in question, the words "and heirs" should not be construed as words of limitation but as words of purchase and substitution. This interpretation would prevent the said gift to Albert R. McAllister, Sr., from lapsing, and would result in his son, Albert R. McAllister, Jr., taking under the will in the stead of his deceased father.

It is well established that where a legacy is to a named person "and his heirs," the word "heirs" is construed to be a word of limitation and not of substitution, and does not

prevent the lapse of the gift upon the death of the donee in the testator's lifetime, unless an intention to make a substitution can be gathered from the language of the will and the surrounding circumstances of the testator during his lifetime. *Zabriskie v. Huyler*, 62 *N. J. Eq.* 697 (*Ch.* 1901), affirmed 64 *N. J. Eq.* 794 (*E. & A.* 1902); *King v. King*, 125 *N. J. Eq.* 94 (*E. & A.* 1939); *Lawes v. Lynch*, 6 *N. J.* 1 (1950).

In *Sevel v. Swarzman*, 33 *N. J. Super.* 198 (*Ch. Div.* 1954), the court said as follows:

"In construing a will, the court may depart from its strict words and read a word or phrase in a sense different from that which is ordinarily attributed to it, when such departure is necessary to give effect to what appears on a full view to have been the intention of the testator. Unless a contrary usage is evident from the context, words should be given their primary or ordinary meaning. Technical uses and rules will not be permitted to subvert the obvious intention. *In re Fisler's Estate*, 133 *N. J. Eq.* 421 (*E. & A.* 1943); *Duane v. Stevens*, 137 *N. J. Eq.* 329 (*Ch.* 1945)."

In *Swetland v. Swetland*, 100 *N. J. Eq.* 196 (*Ch.* 1926), the court said as follows:

"Where the testator's intention is manifest from the context of the will and surrounding circumstances, but is endangered and obscured by inapt and inaccurate modes of expression, the language will be subordinated to the intention, and in order to effectuate such intention, as far as possible, the court may depart from the strict words, and read a word or phrase in a sense different from that which is ordinarily attributed to it, and for such purpose may mold or change the language of the will such as by rejecting superfluous, absurd or repugnant words or phrases, or restricting them in their application; by supplying omitted words or phrases; by transposing words, expressions, or sentences; or by substituting one word or phrase for another. This rule, however, applies only where it is necessary in order to effectuate the testator's intention, which is clearly apparent, but which has been defectively expressed in the will."

*Herbert v. Central Hanover Bank & Trust Co.*, 131 *N. J. Eq.* 330 (*Ch.* 1942), affirmed 132 *N. J. Eq.* 445 (*E. & A.* 1942); *Second National Bank and Trust Co. v. Borden*, 113 *N. J. Eq.* 378 (*Ch.* 1933); *Tourigian v. Tourigian*, 29 *N. J. Super.* 94 (*Ch. Div.* 1953).

Defendants argue that in the light of the other provisions of said will and the surrounding circumstances, the will should be read by substituting the disjunctive "or" for the conjunctive "and," and that by so reading said will and considering such circumstances, it must be concluded that the word "heirs" is a word of substitution and not of limitation. They point to the fact that only in connection with the gift to Albert R. McAllister or his son Albert R. McAllister, Jr., are the words "and his heirs and assigns forever" employed. They as well point to the provision in the will *sub judice* substituting Albert R. McAllister, Jr., as executor in the event of the predecease of his father, Albert R. McAllister. They stress the fact that had Ellen B. Hannan survived her husband there would have been no lapse, since the McAllisters were of her blood, as provided in *N. J. S.* 3*A*:3–13.

The difficulty with this argument lies in the fact that this will was not prepared by one unskilled in the law, but by an able member of the Bar. It is hard to conclude that the words used were not intended to be used in their technical sense.

Anciently, and prior to the passage of the original statute, now known as *N. J. S.* 3*A*:3–15, it was thought that the phrase "heirs and assigns" or "heirs and assigns forever" must be employed in a devise to create an estate in fee simple. *Morris v. LeBel*, 71 *N. J. Eq.* 43 (*Ch.* 1906). The exact phrase "heirs and assigns forever" was here used.

It is even more conceivable, having in mind the discrepancy in their ages, that the testator and the scrivener of the will never considered that Albert R. McAllister would predecease said testator, and that they therefore saw no reason to provide for a substitution should such an event occur.

It is therefore here held that neither the text of the will nor the surrounding circumstances plainly indicate that the words "and his heirs and assigns forever" were used other than as words of limitation. This being so, the gift to Albert R. McAllister lapsed, since he predeceased the testator and was not one of those persons described in *N. J. S.* 3*A*:3–13.

In the light of the fact that Albert R. McAllister was named

as the residuary legatee and devisee, the residue would pass to the heirs of Henry M. Hannan. *Stenneck v. Kolb,* 91 *N. J. Eq.* 382 *(Ch.* 1920); *Burnet v. Burnet,* 30 *N. J. Eq.* 595 *(Ch.* 1879).

Judgment will be entered accordingly.

JACOB FREIDUS, CLAIRE FREIDUS AND 601 WEST 26 CORP., PLAINTIFFS, v. JOSEPH E. KAUFMAN, ZELDA KAUFMAN AND CHELSEA HOTEL CORPORATION, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided May 17, 1955.

